IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 DEC -1  PM 1:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

INCHES-A-WEIGH            )
NORTH AMERICA, INC.,
                          )
        PLAINTIFF,
                          )
VS.                         CV97-H-2128-S
                          )
JAMES AMRHEIN
and DEBRA AMRHEIN,        )

        DEFENDANTS.      )

IN RE:                    )

INCHES-A WEIGH            )
NORTH AMERICA, INC.
                          )

v.                        )   AAA No. 30 114 00234 96

JAMES AMRHEIN             )   Before the American
and DEBRA AMRHEIN             Arbitration Association

ENTERED

DEC - 1 1997

MEMORANDUM OF DECISION

The court has before it the August 15, 1997 motion of plaintiff to vacate and to direct a rehearing, as supplemented September 22, 1997. The court also has before it the September 12, 1997 motion by defendants to confirm the arbitration award. Pursuant to the court's October 8, 1997 order, both motions were deemed submitted for decision as of November 21, 1997.

This case involves a dispute between the franchisor, Inches-A-Weigh North America, Inc., (plaintiff) and franchisees James



and Debra Amrhein, (defendants), over the alleged premature breach of a Franchise Agreement by the franchisees and over whether an unauthorized user was using the "Inches-A-Weigh" trade name in the territory in which the Amrheins had been granted the right to open a franchise. Pursuant to the Franchise Agreement, the parties submitted the dispute to arbitration in Birmingham, Alabama and the award of arbitration was entered on July 16, 1997. It is this award which plaintiff seeks to vacate.

Judicial review of an arbitration award is "narrowly limited." Lifecare Int'l, Inc. v. CD Medical, Inc., 68 F.3d 429, 433 (11th Cir. 1995) (citing Davis v. Prudential Sec., Inc., 59 F.3d 1186, 1190 (11th Cir. 1995)). The Federal Arbitration Act, ("FAA"), presumes the confirmation of arbitration awards and federal courts should defer to the arbitrator's decision whenever possible. Lifecare, 68 F.3d at 433 (citing Robbins v. Day, 954 F.2d 679, 682 (11th Cir. 1992)).

Plaintiff's sole argument is that this court should vacate the arbitration award in this case because it is arbitrary and capricious. The FAA provides four statutory grounds for vacating an arbitration award[1] and in addition to those grounds the

---

[1] The four statutory grounds mainly involve arbitrator misconduct and partiality and are not at issue in this case. See

2

Eleventh Circuit has recognized two non-statutory bases for vacating an arbitration award. The non-statutory ground at issue in this case is the arbitrary and capricious ground.[2] An arbitration award is arbitrary and capricious "only if a ground for the arbitrator's decision cannot be inferred from the facts of the case." Lifecare, 68 F. 3d at 435 (citations omitted). The arbitrary and capricious standard is very difficult for the party contesting the arbitration award to overcome. Id. The only way for an arbitrator's award to be vacated as arbitrary and capricious is if there is no ground whatsoever for the decision and the award must contain more than an error of law or interpretation. Id.

It is with this deferential standard of review in mind that the court must determine whether the arbitration award in this case should be vacated as arbitrary and capricious. In the July 16, 1997 arbitration award the arbitrator concluded:

> INCHES-A-WEIGH NORTH AMERICA, INC. granted the right to open a franchise in a territory in which the "INCHES-A-

---

9 U.S.C. §10(a)(1)-(4).

   [2]The other non-statutory ground for vacating an arbitration award is when the award is contrary to public policy. Lifecare Int'l, Inc. v. CD Medical Inc., 68 F.3d 429, 433 n.5 (11th Cir. 1995); Brown v. Rauscher Pierce Refsnes, Inc., 994 F.2d 775, 779 (11th Cir. 1993).

3

> WEIGH" trade name was being used by a competitor and, having full discretion to remedy this infringement, did not follow-up their "Cease and Desist" letter in a timely, effective manner.

See Plaintiff's Exhibit A, July 16, 1997 Award of Arbitration ¶ 2. While plaintiffs cite this conclusion as clearly showing why the arbitrator's decision is arbitrary and capricious, the defendants offer one possible rationale for the arbitrator's decision. Defendants first point to the Franchise Agreement paragraph 13.3 which provided plaintiff with "sole discretion to take such action as it deems appropriate and the right to exclusively control any litigation or Patent and Trademark Office proceeding or other administrative proceeding arising out of any such infringement, challenge or claim, or otherwise relating to any Name or Mark." See Plaintiff's Exhibit B, Franchise Agreement, p. 19, ¶ 13.3. Defendants then argue that the arbitrator read this Franchise Agreement provision as requiring plaintiff to take steps to remedy trade name infringements involving the "Inches-a-weigh" name and that plaintiff's failure to take these steps, once the defendants raised the issue, effectuated a breach of the Franchise Agreement. The court is satisfied that defendants' argument provides at least one ground or rationale for the arbitrator's decision. Because this

4

rationale exists, plaintiff has not satisfied the arbitrary and capricious standard for vacating the award. Plaintiff argues that the arbitrator improperly interpreted the Franchise Agreement by concluding that the plaintiff had an obligation to remedy the trade name infringement. But, as defendants properly assert, even if the arbitrator had improperly interpreted the Franchise Agreement, the plaintiff still has not satisfied the requirements for vacating the award as arbitrary and capricious because the arbitrator's award must contain more than an error of law or interpretation. See Lifecare, 68 F.3d at 435.

Having determined that the plaintiff has not proven that the arbitration award should be vacated as arbitrary and capricious, the court now addresses the defendants' cross-motion to confirm the arbitration award. Title 9, United States Code Section 9 provides that any time within one year after an award is made, any party to the arbitration may apply to the appropriate court for an order confirming the award and the court must grant such an order unless the award is vacated, modified, or corrected as provided for in 9 U.S.C. §§ 10 or 11. For the reasons discussed above in ruling on the plaintiff's motion to vacate, coupled with the fact that the parties agreed that judgment on the arbitrator's award may be entered in a court of competent

5

jurisdiction, (See Plaintiff's Exhibit B, Franchise Agreement, p. 28, ¶18.10), the defendants' motion to confirm is due to be granted.

Since there is not sufficient evidence to justify vacating the award and the plaintiff has failed to prove that the arbitration award should be vacated as arbitrary and capricious, the court must confirm the award pursuant to 9 U.S.C. § 9. The plaintiff's motion to vacate the award and direct a rehearing is due to be denied, the defendants' motion to confirm the award is due to be granted,[3] and the arbitration award entered July 16, 1997 is due to be confirmed. A separate order to that effect will be entered.

DONE this 1st day of December, 1997.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3]Defendants also filed a motion to strike plaintiff's October 28, 1997 notice of filing and submissions on November 14, 1997. The court finds that this motion does not need to be ruled upon as the court's review of the evidence submitted by plaintiff does not give the court reason to modify its conclusion that the plaintiff has not demonstrated that the arbitration award should be vacated as arbitrary and capricious.